IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CONNIE J. ALSUP,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:13-cv-747-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Connie J. Alsup's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On April 13, 2010, Plaintiff applied for DIB, alleging disability beginning on June 24, 2009.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On September 17, 2010, Plaintiff

---

[1] *See* docket no. 16, Administrative Record ("Tr. ____") 153-159.

[2] *See* Tr. 75-76.

requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on March 23, 2012.[4]  On May 18, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB.[5]  On July 2, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On August 12, 2013, Plaintiff filed her complaint in this case, which was assigned to District Judge Dee Benson.[7]  On December 5, 2013, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[8]  Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[9]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  After receiving two extensions of time,[10] the Commissioner filed her answer and the administrative record on January 7, 2014.[11]

---

[3] *See* Tr. 85-86.

[4] *See* Tr. 28-63.

[5] *See* Tr. 9-27.

[6] *See* Tr. 1-3.

[7] *See* docket no. 3.

[8] *See* docket no. 12.

[9] *See id.*

[10] *See* docket nos. 8-9, 11, 13.

[11] *See* docket nos. 14, 16.

Plaintiff filed her opening brief on March 13, 2014.[12]  The Commissioner filed her answer brief on April 15, 2014.[13]  Plaintiff filed her reply brief on April 29, 2014.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one

---

[12] *See* docket no. 20.

[13] *See* docket no. 21.

[14] *See* docket no. 22.

of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

4

in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) in his evaluation of certain medical opinions and (2) in his assessment of Plaintiff's RFC. The court will address those arguments in turn.

### I. Medical Opinions

Plaintiff first argues that the ALJ erred in his evaluation of certain medical opinions.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which

5

> an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth
> Circuit] case law, an ALJ must give good reasons . . . for the
> weight assigned to a treating physician's opinion . . . that are
> sufficiently specific to make clear to any subsequent reviewers the
> weight the adjudicator gave to the treating source's medical
> opinion and the reason for that weight.  If the ALJ rejects the
> opinion completely, he must then give specific, legitimate reasons
> for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").  As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff first argues that the ALJ erred in his treatment of the opinions of Plaintiff's treating physician, Dr. Noal Robinson ("Dr. Robinson").  In his decision, the ALJ concluded that Dr. Robinson's opinions were entitled to partial weight.  Accordingly, it is implicit that the ALJ also viewed those opinions as not being entitled to controlling weight.  The court now turns to the deference and weight the ALJ gave to Dr. Robinson's opinions.  *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c).

In this case, the ALJ relied upon proper factors to support the conclusion that Dr. Robinson's opinions were entitled to partial weight.  First, the ALJ properly relied upon the fact that Dr. Robinson's opinions were not supported by objective medical evidence in the record. *See* 20 C.F.R. § 404.1527(c)(3).  Second, the ALJ properly relied upon the fact that Dr. Robinson's opinions were inconsistent with Plaintiff's activities of daily living.  *See* 20 C.F.R. § 404.1527(c)(4).  Finally, the ALJ properly relied upon the fact that Dr. Robinson's opinions went to issues reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d).

To the extent that Plaintiff reargues the weight of the evidence before the ALJ on this issue, the court notes that such a tactic is futile on appeal.  It is not this court's role to reweigh the evidence before the ALJ.  *See Madrid*, 447 F.3d at 790.  Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Plaintiff next argues that the ALJ erred in his treatment of the opinions of Plaintiff's examining psychologist, Dr. Steven Barney ("Dr. Barney").  In his decision, the ALJ concluded that Dr. Barney's opinions were entitled to great weight.  Plaintiff argues, however, that the ALJ's decision does not reflect that conclusion.  Plaintiff essentially argues that the ALJ was required to discuss all of the limitations Dr. Barney identified and explain why he did or did not choose to include them in the RFC assessment.

The court concludes that Plaintiff's argument is without merit.  There is no requirement in the regulations indicating that when an ALJ gives great weight to a medical opinion, he must adopt or discuss every facet of that opinion when determining a claimant's RFC.  *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.").  Indeed, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004); *see also* 20 C.F.R. § 404.1527(d).  Again, to the extent that Plaintiff attempts to reargue the weight of the evidence before the ALJ on this issue, that attempt must fail.  *See Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

For those reasons, the court concludes that the ALJ did not err in his treatment of the opinions of Dr. Robinson and Dr. Barney.

## II.  RFC

Plaintiff next argues that the ALJ erred in his assessment of Plaintiff's RFC.  Specifically, Plaintiff argues that the ALJ erred by failing to include limitations for Plaintiff's incontinence and upper extremity limitations in the RFC assessment.

With respect to the ALJ's failure to include limitations for Plaintiff's incontinence in the RFC assessment, there was no error.  As noted by the Commissioner, while there is a diagnosis of incontinence in the record, the record also suggests that Plaintiff's condition was at least partially controlled with medication.  Further, there is no evidence in the record of and Plaintiff has failed to identify any specific limitations associated with her incontinence.  As such, even if Plaintiff had persuaded the court that the ALJ's failure to discuss Plaintiff's incontinence was an

error, the court would conclude that it was harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).

There was likewise no error committed by the ALJ in failing to include limitations for Plaintiff's upper extremity limitations in the RFC assessment. While Plaintiff points to some evidence indicating that she had certain limitations with her upper extremities, the Commissioner also points to evidence indicating that her upper extremity limitations do not exceed the fairly limited RFC assessment. As noted above, when faced with inconsistent evidence, it is the ALJ's role to resolve inconsistencies. *See Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 26th day of January, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge